IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | SA-18-CR-00603-DAE |
| | § | |
| vs. | § | |
| | § | |
| (1) BRADLEY LANE CROFT, | § | |
| | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation concerns the Motion to Set Aside Forfeiture, Return of Property, and Appoint Counsel [#337] filed by non-party Universal K Nine, which was referred to the undersigned for disposition.   The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).   For the reasons set forth below, it is recommended that the motion be **denied**.

## I.  Background

Defendant Bradley Lane Croft was convicted on November 6, 2019, following a bench trial, of 16 counts of wire fraud, aggravated identity theft, money laundering, and making a false tax return.   (Superseding Indictment [#39].)   The fraud underlying his conviction involved the operation of a dog training and dog handler school in San Antonio, Texas, which Defendant advertised as Universal K-9 or Universal K-Nine.   (*Id.* at 3–4.)   Defendant unlawfully obtained GI Bill educational benefit payments from the Texas Veterans Commission for providing dog handler training through the submission of fraudulent documents and fraudulent representations regarding the training programs.   (*Id.* at 4.)

1

The Superseding Indictment and subsequent Second Bill of Particulars included a notice of forfeiture to Defendant that the Government was seeking the forfeiture of personal and real property of Defendant.  The Second Bill of Particulars listed the following:

**Personal Properties**

1. 2017 American Eagle 45T Motorhome, VIN: 4UZFCGBG9HCJB4052;
2. 2018 Ford F-150 King Ranch Lariat, VIN: 1FTEW1EG7JFB84609;
3. 2017 Dodge Ram 1500 Laramie, VIN: 1C6RR7NTXHS832445;
4. 2016 Yamaha Superjet Ski, Hull No.: YAMH0007D616;
5. 2009 Yamaha Waverunner Jetski, Hull No.: YAMA3976I809;
6. 2012 Rocket International Trailer, VIN: 4YBAB2026CF005447;
7. $134,415.64, More or Less, in United States Currency seized from Wells Fargo Account #XXXXXX1730 in the name UNIVERSAL K NINE seized on 8/8/18;
8. $4,372.00, More or Less, in United States Currency;
9. $98,900.00, More or Less, in United States Currency seized from Wells Fargo Account #XXXXXX1730 in the name UNIVERSAL K NINE seized on 9/19/18; and
10. $6,510.09, More or Less, in United States Currency seized from Wells Fargo Account #XXXXXX1730 in the name UNIVERSAL K NINE seized on 11/29/18, hereinafter referred to as the Subject Personal Properties.

**Real Property**

Real Property located and situated at 15329 Tradesman, San Antonio, Bexar County, Texas, with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any, and being more fully described as follows: LOT 15, BLOCK 2, NEW CITY BLOCK 14846, TRADESMAN NORTH INDUSTRIAL SUBDIVISION UNIT 1, IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 6200, PAGE 129, DEED AND PLAT RECORDS, BEXAR COUNTY, TEXAS, hereinafter referred to as the Subject Real Property.

(Bill of Particulars [#52].)

The United States then moved for a preliminary order of forfeiture, and the Court held a forfeiture hearing on December 18, 2019, after which it granted the motion and entered a Preliminary Order of Forfeiture [#146], forfeiting Defendant's interest in the subject real and personal property.  Notice of the forfeiture order was posted on www.forfeiture.gov from January 10, 2020, to February 8, 2020, as evidenced by the Declaration of Publication [#166]

filed on March 11, 2020.  Germane to the motion currently before the Court, notice of the forfeiture action was served on Richard Cook [#149, #339-1]; Universal K Nine (through registered agent Richard Cook) [#148, #339-2]; Cameron Croft[1] personally [#162, #339-3]; William Brooks (as attorney for Cameron Croft) [#159, #339-4]; and Thomas McHugh (as attorney for Cameron Croft) [#160, #339-5].  None of these individuals or entities filed a petition contesting the forfeiture of any of the properties. Following sentencing and the affirming of Defendant's conviction by the Fifth Circuit, the District Court entered a Final Judgment of Forfeiture on September 7, 2022, forfeiting the subject personal and real property to the Government.  (Final Judgment of Forfeiture [#309].)

Universal K Nine, through its registered agent Cameron Croft, proceeding *pro se*, now asks the Court to set aside the forfeiture, return certain forfeited property, and for the appointment of counsel.  The Government filed a response in opposition to the motion [#339], to which additional replies and responses were filed [#340, #341, #342, #343].  The undersigned has considered these filings in issuing this report and recommendation.

The undersigned notes that corporations like Universal K Nine may not represent themselves in federal court without an attorney.  *See Sw. Express Co., Inc. v. Interstate Commerce Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982).  Accordingly, the undersigned construes the motion currently before the Court as filed by Cameron Croft, not Universal K Nine, in order to address Ms. Croft's arguments on their merits.

---

[1] Cameron Croft is Defendant's daughter.

## II. Analysis

Cameron Croft asks the Court to return specific items of seized property pursuant to Rule 41(g) and for a violation of due process due to the lack of notice of the forfeiture and requests the appointment of counsel.  The Court should deny the motion and all relief requested therein.

**A.     Ms. Croft is not entitled to return of forfeited property pursuant to Rule 41(g) or through an ancillary proceeding pursuant to 21 U.S.C. § 853(n).**

The motion filed by Ms. Croft seeks return of forfeited property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure.  Rule 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

A Rule 41(g) motion for return of property invokes the district court's equity jurisdiction.  *See Industria Cardoen, LTDA v. United States*, 983 F.2d 49, 51 (5th Cir. 1993).  Numerous courts have declined to exercise their equitable jurisdiction and to entertain Rule 41(g) motions where there was an opportunity to seek the return of the subject property through the statutory forfeiture process.  *See Bramley v. United States*, No. 4:16-MC-53-ALM-CM, 2017 WL 1535100, at *2 (E.D. Tex. Apr. 10, 2017) (collecting cases).  The District Court should decline to entertain Ms. Croft's Rule 41(g) motion as to the property that was previously subject to forfeiture proceedings because the motion is procedurally improper.

The correct mechanism for seeking return of forfeited property by a third party like Ms. Croft is to initiate an "ancillary proceeding" pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c) of the Federal Rules of Criminal Procedure.  *See also Libretti v. United States*, 516 U.S. 29, 44 (1995) ("Congress has determined that § 853(n) . . . provides the means by which third-party

rights must be vindicated."); *United States v. Holy Land Found. for Relief & Dev.*, 722 F.3d 677, 684 (5th Cir. 2013) ("[T]he only way in which a third party may assert an interest in the forfeited property is through an ancillary proceeding.").  A third party claiming an interest in the property to be forfeited may petition the court for an adjudication of her interest in that property within 30 days of the publication of the final notice of forfeiture or her receipt of notice of the forfeiture, whichever is earlier.  21 U.S.C. § 853(n)(2).  The Fifth Circuit, along with many other circuits, has routinely held that the Section 853(n)(2) deadline is mandatory.  *United States v. Lamid*, 663 Fed. App'x 319, 325 (5th Cir. 2016); *United States v Sharma*, 509 Fed. App'x 381, 382 (5th Cir. 2013) (stating that "[a] third party who files an untimely petition loses his right to assert any interest in the property").

The District Court should not construe Ms. Croft's motion as a petition to initiate an ancillary proceeding, however, because such a request was not timely filed.  Neither Universal K Nine nor Ms. Croft filed any petition for the return of seized property through an ancillary proceeding within the time constraints set forth by statute.  Therefore, the motion is untimely under Section 853(n)(2).

The Court should also reject Ms. Croft's request to equitably toll the deadlines for initiating an ancillary proceeding.  The doctrine of equitable tolling applies only in "rare and exceptional circumstances." *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002).  The Fifth Circuit has held that it generally grants requests for equitable tolling only where "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (internal quotation and citation omitted).  Here, there has been no evidence presented that the Government actively misled Ms. Croft or Universal K Nine or of any other extraordinary

circumstances preventing the filing of a petition for an ancillary proceeding.  In any event, what Ms. Croft is in fact requesting is not tolling of the deadline to file an ancillary proceeding, but for the Court to reopen the forfeiture proceedings.  Such a request is governed by Rule 60(b) and should be denied for the reasons explained in the next section.

**B.      Ms. Croft is not entitled to relief under Rule 60(b).**

Because Ms. Croft's motion is procedurally improper under Rule 41(g) and untimely under 21 U.S.C. § 853(n), the only available method for challenging the forfeiture is to reopen forfeiture proceedings pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  *See United States v. Aguirre*, 476 Fed. App'x 333, 334 (5th Cir. 2012) ("The proper method for attempting to reopen a forfeiture proceeding to file an untimely petition is through a motion under Federal Rule of Civil Procedure 60(b).").  Rule 60(b) allows for six separate grounds on which to file a motion: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).

Ms. Croft argues that the Court should set aside the final order of forfeiture because she either lacked counsel at the time of the forfeiture or received bad advice from counsel, was only 19 years old at the time, and did not receive actual notice of the pending forfeiture.  The Court should reject these arguments.

First, as noted *supra*, both Ms. Croft and Universal K Nine were provided with notice of the forfeiture.  All that is required for notice of a forfeiture is that the government publish notice "to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property."  21 U.S.C. § 853(n)(1); *see* Fed. R. Crim. P. 32.2(b)(6)(A).  Notice must be provided by a means "reasonably calculated to notify potential claimants of the action."  Fed. R. Civ. P. Supp. R. G(4)(a)(iv) (incorporated by Rule 32.2(b)(6)(C)).  The Government satisfied its obligations with respect to notice in this case.

The record reflects that the Court entered a Preliminary Order of Forfeiture as to the subject personal and real property on December 18, 2019.  The notice of forfeiture was posted on www.forfeiture.gov from January 10, 2020, to February 8, 2020, as evidenced by the Declaration of Publication [#166] filed on March 11, 2020.  The notice of forfeiture action was also served on Universal K Nine and Cameron Croft [#148, #159] personally, as well as through counsel for Cameron Croft (Attorneys Thomas McHugh and William Brooks).  Ms. Croft asserts that these attorneys did not represent her; yet the record contains correspondence from Mr. Brooks on behalf of Defendant and Cameron Croft regarding administrative forfeiture proceedings in this case on November 7, 2017.  (Brooks Ltr. [#339-6], at 1.)  Finally, Ms. Croft had actual notice of the forfeiture, as she was present throughout trial, forfeiture hearings, and sentencing.  (*See* Cameron Croft Aff. [#336], at 10.)  Courts have held that actual notice prevents potential claimants from claiming lack of notice later.

Even though Universal K Nine's challenge is not properly before the Court because the company cannot proceed *pro se*, the undersigned notes that the company was also provided sufficient notice of forfeiture proceedings.  The record establishes that at the time of the entry of the preliminary order of forfeiture, the listed registered agent, Richard Cook, was personally

served with notice of the forfeiture.  (Ex. B [#339-2].)  Ms. Croft argues that Mr. Cook is no longer the registered agent for Universal K Nine, and that she (as of April 23, 2021) is now the registered owner.  Yet, this change to Universal K Nine's Certificate of Formation was not made until after notice had been served on Mr. Cook.  (Ex. H [#339-8].)  Ms. Croft has submitted some evidence that Mr. Cook stopped responding to correspondence related to Universal K Nine as early as August 2018, but it remains that the formal change to the Certificate of Formation designating a new registered agent was not made until much later.  And either way, Ms. Croft did receive notice.

Furthermore, even if Ms. Croft received bad advice from counsel that she did not need to do anything to assert any claim to the property subject to forfeiture, this does not entitle her to relief under Rule 60(b).  Ms. Croft bears the burden of her attorney's mistake of law.  *See United States v. Davenport*, 668 F.3d 1316, 1324–25 (11th Cir. 2012) (citing *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 396 (1993) (attorney's failure to review and appreciate the requirements of filing a claim in ancillary proceeding does not constitute excusable neglect or basis to grant a Rule 60(b) motion to reopen an ancillary proceeding, as client bears the burden of the attorney's mistake of law)).  Nor is Ms. Croft's age at the time of the forfeiture (19 years old) a basis for Rule 60(b) relief.

**C.    Ms. Croft has not established that she is entitled to the return of property not previously subject to forfeiture pursuant to Rule 41(g).**

Ms. Croft does request the return of two items of personal property, an Outback RV Travel Trailer, VIN 4YDT29826FB453910, and a dog trailer, VIN 4D6EB19228C019887, which were not part of the forfeiture proceedings but were allegedly seized by the Government.  Ms. Croft contends that the Outback and dog trailers were obtained by Universal K Nine prior to the commission of any alleged crime, were never subject to forfeiture, and should be returned to

her possession.   This property could be the proper subject of a Rule 41(g) motion, as the parties agree it was not part of the forfeiture proceedings.   However, Ms. Croft has not established that the property is in the possession of the government, such that it can be returned.

The Government claims that it has investigated the alleged seizure of this property and determined that Ms. Croft sold the Outback RV Travel Trailer on August 27, 2020, and that the dog trailer was not on the property of Universal K Nine's office when the United States Marshals service took custody and control on August 23, 2021.   In support of these assertions, the Government provides the Court with a handwritten "Bill of Sale" dated August 27, 2020, stating that a Robert Guzman paid $12,000 cash for the Outback trailer.   (Bill of Sale [#341-1], at 17.) The Government also provides the Court with various documents related to the title and registration of the trailer in Mr. Guzman's name.   (Title Documents [#341-1], at 1–20.)   Ms. Croft responds that the "Bill of Sale" is a forgery.   Ms. Croft has provided the Court with an affidavit in which she states she believes Mr. Guzman stole the Outback trailer and forged her signature, in light of the fact that the "Bill of Sale" misspells her name; her signature does not match the signature on the underlying motion before the Court; and Ms. Croft still has the title to the trailer in her possession.

As to the dog trailer, Ms. Croft provides the Court with news footage from the original raid on Universal K Nine's offices depicting the dog trailer.   Additionally, Ms. Croft has submitted the affidavit of Dominick Alongi, who states that he visited Universal K Nine's property and noticed the theft of a/c units and other items and that he believes the Outback trailer and dog trailer were stolen.

Although it is plausible that the subject property was stolen and that the "Bill of Sale" was forged, Ms. Croft has not provided the Court with any evidence that the two trailers are in

the possession of the Government at this time, such that they can be returned.  Accepting Ms. Croft's assertions as true, a third party is in possession of the trailers, not the Government, and the Court cannot award her relief under Rule 41(g) at this time.  Insofar as Ms. Croft is accusing the Government of forging the "Bill of Sale" and fraudulently representing that the property is not in its possession, Ms. Croft has not provided any evidence in support of such allegations.

Finally, in a supplemental response in support of her motion, Ms. Croft states she is now seeking return of additional property that was not subject to forfeiture proceedings:  (1) 80 aluminum dog crates; (2) eight individual 40 foot high cube shipping containers; (3) 20 individual dog kennels; and (4) two hard drives from desktop computers.  As this property was not addressed in the original motion, the Government has not had an opportunity to respond as to whether this property is in its position and should be returned.  Therefore, the request to return these items it not properly before the Court.

**D.     The Court should deny the request for appointment of counsel.**

Ms. Croft requests appointment of counsel pursuant to 18 U.S.C. § 983(b)(2)(a).  The Court should deny the request.  Section 983(b)(2)(a) governs civil forfeiture proceedings, and the underlying forfeiture was a criminal forfeiture proceeding.  Moreover, Ms. Croft has not demonstrated that there is a basis for reopening the forfeiture proceedings such that the appointment of counsel is necessary.

### III.  Conclusion and Recommendation

Having considered Ms. Croft's motion, the responses and replies thereto, the record, and governing law, the undersigned recommends that the Motion to Set Aside Forfeiture, Return of Property, and Appoint Counsel [#337] be **DENIED**.

## IV.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 26th day of May, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE