IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiff,* | § § § | SA-18-CR-00603-DAE |
| vs. | § § | |
| (1) BRADLEY LANE CROFT, | § § | |
| *Defendant.* | § § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation concerns the following motions, all of which have been referred to the undersigned for disposition or a report and recommendation: Defendant's *Pro Se* Motion to Sanction Government for Violating a Judge's Order [#351], Cameron Croft's *Pro Se* Amended Motion to Reopen Ancillary Proceedings and for Return of Property [#352], the United States of America's Motion to Proceed with the Sale of Real Property Located at 15329 Tradesman, San Antonio, Bexar County, Texas [#362], Defendant's Motion to Dismiss Government's Motion to Proceed with Sale of Defendant's Real Property for Want of Jurisdiction [#367], and Defendant's *Pro Se* Motion to Appoint Private Investigator [#377]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

The Court held a hearing on the Government's motion to proceed with the sale of real property [#362] on August 1, 2023, at which counsel for the Government, Defendant, and Cameron Croft appeared via telephone and videoconference. Prior to the hearing, the Court reviewed Defendant's response to the motion [#364] and the Government's Supplement to the

1

Motion [#368], as well as Defendant's Motion to Dismiss [#367], which raises jurisdictional issues regarding the Government's request to proceed with the sale. Because the undersigned concludes that the Court lack jurisdiction over the case at this time, the undersigned recommends that the Court grant in part Defendant's Motion to Dismiss Government's Motion to Proceed with Sale of Defendant's Real Property for Want of Jurisdiction, preserve the status quo pending appeal, and dismiss without prejudice the other pending motions pending the Fifth Circuit's resolution of the issues before it on remand.

## I. Procedural History

The current procedural posture of this case is as follows. Defendant was convicted in November 2019 following a bench trial of eight counts of wire fraud, four counts of aggravated identity theft, two counts of money laundering, and two counts of making a false tax return [#130]. After the conviction, the Government filed a motion for preliminary order of forfeiture, and the District Court held a forfeiture hearing on December 18, 2019. After the hearing, the District Court entered a preliminary judgment of forfeiture [#146] related to both real and personal property connected to the conviction, including the real property located at 15329 Tradesman, San Antonio, Bexar County, Texas, which is the subject of the Government's motion. Notice of the forfeiture was posted from January 10, 2020, to February 8, 2020. Notice of the forfeiture was also served on certain individuals and attorneys. No one contested the forfeiture within the 30 days provided by statute. Defendant was sentenced on May 18, 2021 [#228], and a Final Judgment of Forfeiture was entered on September 7, 2022, regarding the property at issue [#309].

Defendant has filed a number of appeals in this case. Defendant first filed an appeal to the Fifth Circuit Court of Appeals challenging the sufficiency of the evidence underlying his

convictions for wire fraud, aggravated identity theft, and money laundering.[1]  *See* No. 21-50380. In this appeal, Defendant also appealed the District Court's preliminary restitution and forfeiture orders.  The Fifth Circuit affirmed the convictions and the restitution and forfeiture orders on May 24, 2022, finding sufficient evidence to support Defendant's wire fraud convictions and that District Court's finding that the "seized assets could be traced to [Defendant] and his monies procured by fraud" was not erroneous, let alone clearly erroneous.  (*See* Ex. A [#368-1].)

Defendant thereafter appealed the District Court's denial of his motion for new trial to the Fifth Circuit.  *See* No. 22-50659.  Defendant subsequently filed an appeal to the Federal Circuit Court of Appeals on the denial of his motion for new trial, which was terminated for lack of jurisdiction and transferred to the Fifth Circuit.  Defendant filed an amended notice of appeal to the Fifth Circuit, raising these same issues, and both appeals were consolidated into Case No. 22-50659.  This appeal remains pending before the Fifth Circuit.

Finally, Defendant filed a petition with the United States Supreme Court for a writ of *certiorari*, appealing the Fifth Circuit's affirmance of the District Court's judgment in Case No. 21-50380.  *See* No. 22-5460.  Specifically, Defendant challenged the legal standard employed by the District Court in evaluating Defendant's aggravated identity theft convictions and the sufficiency of the evidence to support his wire fraud and money laundering convictions.  On June 20, 2023, the Supreme Court granted the petition, vacated the Fifth Circuit's judgment affirming Defendant's conviction, and remanded the case to the Fifth Circuit for further consideration in the Supreme Court's decision in *Dubin v. United States*, 599 U.S. 110 (2023).  (*See* Ex. B [#368-2].)  In *Dubin*, the Supreme Court clarified the elements of aggravated identity theft, holding that the term "use" of another person's identity means the use of the identity is at the crux of what

---

[1] Defendant did not appeal his convictions for making a false tax return.

3

makes the underlying conduct criminal. The Supreme Court's judgment did not reference the wire fraud or money laundering convictions. The Fifth Circuit has calendared the case for oral argument in October.

The Government asks the Court to permit it to proceed with the sale of forfeited real property located at 15329 Tradesman, which contains a warehouse purchased by Defendant in 2018. The Government has represented to the Court that all other property subject to the District Court's Final Judgment of Forfeiture has been disposed of by the Government. The Government argues that the Supreme Court's remand does not have any bearing on the forfeiture orders, and it should be permitted to move forward and dispose of this property.

## II. Analysis

As a general rule, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal." *Id.* The Fifth Circuit has clarified that this is a jurisdictional, as opposed to only a judge-made, rule pertaining to "all matters which are validly on appeal." *Dayton Indep. Sch. Dist. V. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063–64 (5th Cir. 1990). The Fifth Circuit also maintains a "preference that either [the Fifth Circuit] or the district court have exclusive jurisdiction over a given case at any given time: 'For obvious reasons, it makes little sense for two different courts to have the power to act on the same judgment at the same time, with the attendant risk that they will reach inconsistent conclusions and thus result in confusion and in a waste of judicial resources.'"

*Winchester v. U.S. Attorney for the S. Dist. of Tex.*, 68 F.3d 947, 949 (5th Cir. 1995) (quoting *In re Butler*, 2 F.3d 154, 157 (5th Cir. 1993)).

The Government argues that the District Court's forfeiture and restitution orders are not currently on appeal before the Fifth Circuit, and the Fifth Circuit already affirmed those orders in Defendant's first appeal on May 24, 2022.  Per the Government, this Court therefore continues to have jurisdiction over all issues pertaining to the forfeitures and there is no jurisdictional impediment to the Government proceeding with the sale of the real property at issue.  The undersigned disagrees with the Government.

Although the forfeiture orders were not the subject of Defendant's petition with the Supreme Court, the Supreme Court's decision vacated the entire judgment of the Fifth Circuit in this case.  The Fifth Circuit judgment affirmed both Defendant's convictions for wire fraud, money laundering, and aggravated identity theft, as well as the restitution and forfeiture orders.  At this time, it is unclear what action the Fifth Circuit will take in response to the Supreme Court's mandate.  As the Supreme Court's judgment only remanded the case for further consideration in light of *Dubin*, the Fifth Circuit may choose to reconsider only the aggravated identity theft convictions, which is the precise issue *Dubin* concerned.  However, at this time, the entire judgment of the Fifth Circuit has been vacated.  This Court therefore lacks jurisdiction over this case, and the undersigned recommends that the Court grant Defendant's request that the motion to proceed with the sale be dismissed for lack of jurisdiction.  Further, the Court should dismiss all other pending motions for lack of jurisdiction while the Fifth Circuit appeal is pending.

The undersigned notes that even if the District Court disagrees and concludes the Court does have narrow jurisdiction solely over the forfeiture orders (because Defendant's Supreme

Court petition did not mention them), there are prudential considerations that counsel against granting the Government's motion to proceed with the sale of real property, and the undersigned would recommend denying the motion.  As already stated, the Fifth Circuit has a clear preference for one court retaining exclusive jurisdiction over a case, even where there are not jurisdictional concerns.  The Government itself has repeatedly acknowledged in its briefing on various motions filed in this case that the United States Marshals Service proactively chose to postpone the sale of the real property at issue pending the resolution of the Supreme Court petition.  Defendant obtained a favorable ruling at the Supreme Court.  It would be imprudent to change the status quo in light of the uncertainty of the Fifth Circuit's impending action in response to the Supreme Court's rulings.

That said, the record reflects that there has never been a formal stay entered in this case by the Court to halt the sale of property or disposal of any other forfeited assets in response to Defendant's various appeals.  However, the Federal Rules of Criminal Procedure allow this Court to enter such a stay when a defendant "appeals from a conviction or an order of forfeiture . . . to ensure that the property remains available pending appellate review."  Fed. R. Crim. P. 32.2(d).  Although Rule 32.2(d) does not specify the considerations that a district court must assess in determining whether or not to grant a stay of forfeiture, courts have generally examined the following factors: (1) the likelihood of success on appeal; (2) whether the forfeited assets will depreciate over time; (3) the forfeited assets' intrinsic value to the defendant; and (4) the expense of maintaining the forfeited properties.  *United States v. Ngari*, 559 Fed. App'x 259, 272 (5th Cir. 2014).  So again, in the event the District Court disagrees with the undersigned and concludes that there is jurisdiction over the forfeiture issues, the undersigned would recommend that the District Court enter a formal stay in light of these factors.

First, Defendant has already prevailed in his appeal before the Supreme Court and the judgment is likely to be altered in this case, even if the ultimate likelihood of overturning the forfeiture order is minimal.  Second, although the Government argued at the Court's hearing that the real property has depreciated due to vandalism of the warehouse on the property, Defendant countered with uncontested information regarding the actual appreciation of the property due to land values in the area.  Third, the real property is the only seized asset that has not been disposed of by the Government and, to that end, it has intrinsic value to Defendant.  The fourth factor is the only factor that weighs in the Government's favor, as the Government continues to incur monthly expenses in the amount of approximately $1,500.00 per month and also bears the responsibility to pay the total amount of taxes due on the property—an amount in excess of $120,000.00 (as Defendant stopped paying taxes when he was indicted in 2018).  The Court recognizes that the Government has a willing buyer to purchase the property, but all of the above considerations counsel against allowing the Government to proceed with the sale at this time.  Thus, the Court should enter a stay in the event it concludes there is jurisdiction at all.

### III.  Other Motions

In light of the undersigned's conclusion that this Court lacks jurisdiction over this case, the undersigned will not issue any rulings or take any action on the other pending motions before the Court at this time.  In the event that the District Court disagrees and finds jurisdiction exists, the undersigned recommends that the stay be entered, as explained above, and that any pending motions be held in abeyance.

### IV.  Conclusion and Recommendation

Having considered the pending motions, the record in this case, and the governing law, the undersigned recommends that the Court grant in part Defendant's Motion to Dismiss

Government's Motion to Proceed with Sale of Defendant's Real Property for Want of Jurisdiction [#367], preserve the status quo pending appeal, and dismiss without prejudice the other pending motions [#351, #352, #362, #377] pending the Fifth Circuit's resolution of the issues before it on remand.

### V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal

conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 25th day of September, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE