IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | NO. 5:18-CR-00603-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| BRADLEY LANE CROFT, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation ("the Report") filed by United States Magistrate Judge Elizabeth Chestney. (Dkt. # 379). After reviewing the Report, the Court **ADOPTS** Judge Chestney's recommendations, the Court **GRANTS IN PART** Defendant's Motion to Dismiss the Government's Motion to Proceed with Sale of Defendant's Real Property (Dkt. #367), **PRESERVES** the status quo pending appeal, and **DISMISSES WITHOUT PREJUDICE** the other pending motions (Dkt. ## 351, 352, 362, 377, 380) pending the Fifth Circuit's resolution of the issues before it on remand.

BACKGROUND

Following a bench trial in November 2019, Defendant Bradley Croft was convicted of eight counts of wire fraud, four counts of aggravated identity

theft, two counts of money laundering, and two counts of making a false tax return. (Dkt. # 130).  The Court entered a Preliminary Order of Forfeiture related to both real and personal property connected to the conviction on December 18, 2019. (Dkt. # 146).  Defendant was sentenced on May 18, 2021.  (Dkt. # 228).  The Court entered a Final Judgment of Forfeiture on September 7, 2022.  (Dkt. # 309).

Defendant appealed to the Fifth Circuit challenging the sufficiency of the evidence underlying his convictions for wire fraud, aggravated identify theft, and money laundering, along with a challenge to the restitution and preliminary forfeiture orders.  See No. 21-50380.  The Fifth Circuit affirmed.  United States v. Bradley Croft, No. 21-50380 (5th Cir. May 24, 2022).  Defendant subsequently petitioned to the Supreme Court for a writ of certiorari.  See No. 22-5460.  On June 20, 2023, the Supreme Court vacated the judgment and remanded the case to the Fifth Circuit for further consideration in light of Dubin v. United States, 599 U.S. 110 (2023).  United States v. Bradley Croft, No. 22-5460 (2023) (judgment).  The case is still pending before the Fifth Circuit, and oral arguments were held on October 3, 2023.  See No. 21-50380.  Defendant also appealed this Court's denial of his motion for new trial, which is pending in the Fifth Circuit.  See No. 22-50659.

Meanwhile, the Government asks the Court to permit it to proceed with the sale of the forfeited real property located at 15329 Tradesman.  Defendant

asks the Court to dismiss the motion to proceed with the sale because this Court lacks jurisdiction while an appeal is pending with the Fifth Circuit.

Judge Chestney filed the instant written report on September 25, 2023. (Dkt. # 379). The report and recommendation addresses several motions including: Defendant's Pro Se Motion to Sanction Government for Violating a Judge's Order (Dkt. #351), Cameron Croft's Amended Motion to Reopen Ancillary Proceedings and for Return of Property (Dkt. # 352), the United States of America's Motion to Proceed with the Sale of Real Property Located at 15329 Tradesman, San Antonio, Bexar County, Texas (Dkt. # 362), Defendant's Motion to Dismiss Government's Motion to Proceed with Sale of Defendant's Real Property for Want of Jurisdiction (Dkt. # 367), and Defendant's Pro Se Motion to Appoint Private Investigator (Dkt. #377). On the same day that the Report and Recommendation was filed, Defendant filed a Pro Se Motion Zoom Evidentiary Hearing. (Dkt. # 380).

## DISCUSSION

Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Report for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). After careful consideration, the Court finds no clear error in Judge Chestney's recommendation. As a result, this Court adopts Judge's Chestney's recommendation.

Judge Chestney did not err when concluding that this Court lacks jurisdiction to permit the Government to proceed with the sale while the judgment is on appeal. See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam) ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.") The district court loses jurisdiction over all matters which are "validly on appeal." Dayton Indep. Sch. Dist. v. U.S. Min. Prods. Co., 906 F.2d 1059, 1064 (5th Cir. 1990).

Even though Defendant did not directly challenge the final forfeiture order in his appeal, the Supreme Court vacated the judgment of this Court. United States v. Bradley Croft, No. 22-5460 (2023) ("The judgment of the above court in this cause is vacated..."). The forfeiture is inherently connected to the judgment. When moving for a final judgment of forfeiture, the United States had to prove a nexus between the properties subject to forfeiture, the wire fraud and money laundering convictions, and the guilty verdict and the facts presented at trial. (Dkt. # 309). Therefore, without the final judgment and conviction, the final judgment of forfeiture could not stand. As a result, this Court lacks jurisdiction to enforce the final judgment of forfeiture while the judgment is on appeal.

Further, separate from the jurisdictional issue, the Fifth Circuit has clarified that it prefers that either the Fifth Circuit or a district court have exclusive jurisdiction over a case at any given time. Winchester v. U.S. Att'y for S. Dist. of

Tex., 68 F.3d 947, 949 (5th Cir. 1995) (quoting In re Butler, 2 F.3d 154, 157 (5th Cir. 1993).  "For obvious reasons, it makes little sense for two different courts to have the power to act on the same judgment at the same time, with the attendant risk that they will reach inconsistent conclusions and thus result in confusion and in a waste of judicial resources."  In Re Butler, 2 F.3d 154, 157 (5th Cir. 1993).

This Court finds that Judge Chestney did not clearly err when recommending that the Court had no jurisdiction at this time.  The Court subsequently adopts Judge Chestney's recommendation to postpone the sale of real property to maintain the status quo pending appeal.  Because this Court does not have jurisdiction, the Court will not rule on the other motions before the Court at this time.

For the reasons given, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 379) as the opinion of the Court.  Accordingly, the Court **GRANTS IN PART** Defendant's Motion to Dismiss the Government's Motion (Dkt. #367), **PRESERVES** the status quo pending appeal, and **DISMISSES WITHOUT PREJUDICE** the other pending motions (Dkt. ## 351, 352, 362, 377, 380) pending the Fifth Circuit's resolution of the issues before it on remand.

**IT IS SO ORDERED.**

**DATE:** San Antonio, Texas, October 25, 2023.

_____
Hon. David Alan Ezra
Senior U.S. District Judge