IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | SA-18-CR-00603-DAE |
| | § | |
| vs. | § | |
| | § | |
| (1) BRADLEY LANE CROFT, | § | |
| | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation concerns Defendant's Motion to Require AUSA Jamie Esparza, AUSA Mary Valadez, and AUSA Fidel Esparza III to Show Cause Why They Should Not Be Held in Contempt [#392]. The undersigned has authority to enter a recommendation on Defendant's motion pursuant to 28 U.S.C. § 636(b)(1)(B). By his motion, Defendant asks the Court to hold the Government in contempt for selling Defendant's real property despite a Court order preserving the status quo pending appeal. On behalf of the three AUSAs, the Government filed a response to the motion [#395] on February 20, 2024, to which Defendant filed a reply [#398]. The undersigned has reviewed the motion and responses and recommends the District Court deny the motion.

## I.  Procedural History

Defendant was convicted in November 2019 following a bench trial of eight counts of wire fraud, four counts of aggravated identity theft, two counts of money laundering, and two counts of making a false tax return [#130]. After the conviction, the Government filed a motion

1

for preliminary order of forfeiture, and the District Court held a forfeiture hearing on December 18, 2019.   After the hearing, the District Court entered a preliminary judgment of forfeiture [#146] related to both real and personal property connected to the conviction, including the real property located at 15329 Tradesman, San Antonio, Bexar County, Texas.   Notice of the forfeiture was posted from January 10, 2020, to February 8, 2020.   Notice of the forfeiture was also served on certain individuals and attorneys.   No one contested the forfeiture within the 30 days provided by statute.   Defendant was sentenced on May 18, 2021 [#228], and a Final Judgment of Forfeiture was entered on September 7, 2022, regarding the property at issue [#309].

Defendant filed several appeals in this case.   Defendant first filed a direct appeal to the Fifth Circuit Court of Appeals challenging the sufficiency of the evidence underlying his convictions for wire fraud, aggravated identity theft, and money laundering.[1]  *See* No. 21-50380. In this appeal, Defendant also appealed the District Court's preliminary restitution and forfeiture orders.   The Fifth Circuit affirmed the convictions and the restitution and forfeiture orders on May 24, 2022, finding sufficient evidence to support Defendant's wire fraud convictions and that District Court's finding that the "seized assets could be traced to [Defendant] and his monies procured by fraud" was not erroneous, let alone clearly erroneous [#368-1].

Defendant thereafter appealed the District Court's denial of his motion for new trial to the Fifth Circuit.   *See* No. 22-50659.   Defendant subsequently filed an appeal to the Federal Circuit Court of Appeals on the denial of his motion for new trial, which was terminated for lack of jurisdiction and transferred to the Fifth Circuit.   Defendant filed an amended notice of appeal to

---

[1] Defendant did not appeal his convictions for making a false tax return.

the Fifth Circuit, raising these same issues, and both appeals were consolidated into Case No. 22-50659.

Finally, Defendant filed a petition with the United States Supreme Court for a writ of *certiorari*, appealing the Fifth Circuit's affirmance of the District Court's judgment in Case No. 21-50380. *See* No. 22-5460. Specifically, Defendant challenged the legal standard employed by the District Court in evaluating Defendant's aggravated identity theft convictions and the sufficiency of the evidence to support his wire fraud and money laundering convictions. On June 20, 2023, the Supreme Court granted the petition, vacated the Fifth Circuit's judgment affirming Defendant's conviction, and remanded the case to the Fifth Circuit for further consideration in light of the Supreme Court's decision in *Dubin v. United States*, 599 U.S. 110 (2023) [#368-2]. In *Dubin*, the Supreme Court clarified the elements of aggravated identity theft, holding that the term "use" of another person's identity means the use of the identity is at the crux of what makes the underlying conduct criminal. The Supreme Court's judgment did not reference the wire fraud or money laundering convictions. The Fifth Circuit consolidated Case No. 21-50380 and the other pending appeal in 22-50659.

On September 24, 2023, the undersigned issued a report and recommendation [#379] on the Government's motion to permit it to proceed with the sale of forfeited real property located at 15329 Tradesman, which contains a warehouse purchased by Defendant in 2018. The District Court adopted the report and recommendation on October 25, 2023 [#382], and dismissed the motion, stating that the Court was preserving "the status quo pending appeal."

On December 1, 2023, the Fifth Circuit affirmed Defendant's four convictions in Defendant's consolidated appeal. *See United States v. Croft*, 87 F.4th 644 (5th Cir. 2023). The Government filed a second motion for the sale of real property on December 7, 2023, and the

District Court granted the motion on December 8, 2023 [#384], expressly stating that "the United States may proceed with the sale of 15329 Tradesman, San Antonio, Bexar County, Texas upon entry of this Order."  The Fifth Circuit issued its mandate on December 26, 2023 [#387].  On December 27, 2023, the Government sold the real property at issue.  In response to the sale, Defendant filed the motion currently before the Court, arguing the Government should be sanctioned.

## II.  Analysis

Defendant's motion accuses the three AUSAs representing the Government of ignoring the Court's order to maintain the status quo pending appeal.  After the Fifth Circuit issued its decision on December 1, 2023, Defendant requested an extension of time to consider whether to pursue a motion for rehearing en banc, and the Fifth Circuit granted the motion, giving Defendant until December 22, 2023, to file a petition for rehearing.  Defendant argues that the Government "jumped the gun" by pursuing the sale of the property before the Fifth Circuit's decision affirming Defendant's conviction became final.  Therefore, per Defendant, the District Court lacked jurisdiction to order the sale.

The District Court had jurisdiction to issue its order authorizing the Government's sale of the subject forfeited property on December 8, 2023.  The Fifth Circuit affirmed Defendant's four convictions for aggravated identity theft on December 1, 2023.  At the time of the disposal of the real property, there was no pending appeal of the forfeiture orders.  Again, the final judgment of forfeiture [#309] was entered on September 7, 2022; the Fifth Circuit affirmed Defendant's convictions first on May 24, 2022, on direct appeal, as well as the forfeiture order, then again following the Supreme Court's remand order to reconsider the convictions in light of *Dubin* on December 1, 2023.  Importantly, the forfeiture order was not the subject of Defendant's Supreme

Court petition.  At the time of the sale of the property on December 27, 2023, there was no appeal pending.  The time to file a petition for rehearing had expired.  And the mandate to this Court had issued affirming the convictions.

And, of course, the Government sought—and obtained—the permission of the District Court to sell the property prior to selling it.  Thus, even if the District Court erred in granting the motion to sell the property (which it did not, for the reasons explained in the previous paragraph), the Government cannot be held in contempt for violating the District Court's October 25, 2023 order preserving the status quo pending appeal because the District Court entered a subsequent order green-lighting the sale on December 8, 2023, and the Government therefore acted with the Court's explicit permission when it conducted the sale on December 27, 2023.

Defendant argues in reply that the appeal was not complete because Defendant has until March 1, 2024, to file a petition for certiorari with the United States Supreme Court based on the Fifth Circuit's December 1, 2023, judgment affirming Defendants' convictions.  The undersigned disagrees that the District Court's October 25, 2023 Order preserved the status quo pending all future possible appeals or post-conviction proceedings pertaining to any of Defendant's convictions.  The District Court's Order preserved the status quo pending the resolution of the appeal pending before the Fifth Circuit at the time of the October 25, 2023 Order, which was the consolidated appeal and order of remand from the Supreme Court.  Again, these proceedings had concluded at the time the Government filed its motion, at the time the District Court ordered the stay lifted, and at the time the Government sold the property at issue.

Finally, the undersigned also rejects Defendant's argument that the District Court exceeded its authority in granting the Government's motion to proceed with the sale because the

Court did not wait for a response from Defendant and granted the motion only one day after it was filed.  Defendant explains to the Court in reply that his daughter lost access to PACER on December 6, 2023, due to lack of payment of PACER fees, and that Defendant never received the Order from the District Court authorizing the sale.  Again, regardless of whether the District Court should have waited for a response before ruling on the Government's motion to sell the property, or if the District Court committed any other error in its December 8, 2023 Order authorizing the sale of the property, the fact remains that the District Court entered an Order authorizing the sale of the property.  The Government cannot be held in contempt for proceeding with the sale.

Finally, the Court notes that embedded in his reply is a motion by Defendant  for the Court to exempt Defendant's daughter from PACER fees so she can monitor the docket in this case for Defendant.  Defendant may not request exemption from PACER fees on behalf of his daughter.  Cameron Croft is not a party to this lawsuit and cannot be granted this exemption.

In summary, the Government properly sought relief from the District Court upon the conclusion of Defendant's appeal.  The District Court granted the Government's motion in December 2023, authorizing the Government to proceed with the sale.  There is no basis for holding the three named AUSAs in contempt of Court for "ignoring" the Court's previous October 2023 order preserving the status quo pending the resolution of Defendant's appeal.  A subsequent order granting explicit permission had been granted, and, in any event, there was no appeal pending at the time of the sale.

### III.  Recommendation

Having considered Defendant's motion, the Government's response, the record in this case, and the governing law, the undersigned **recommends** that the Court **deny** Defendant's

Motion to Require AUSA Jamie Esparza, AUSA Mary Valadez, and AUSA Fidel Esparza III to Show Cause Why They Should Not Be Held in Contempt [#392] and **deny** Defendant's motion to exempt his daughter from PACER fees [#398].

### IV.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal

conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,

1428–29 (5th Cir. 1996) (en banc).

SIGNED this 29th day of February, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE