You IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | NO. 5:18-CR-00603-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| BRADLEY LANE CROFT, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation ("the Report") filed by United States Magistrate Judge Elizabeth Chestney. (Dkt. # 399.) After reviewing the Report, the Court **ADOPTS** Judge Chestney's recommendations, the Court **DENIES** Defendant's Motion to Require U.S. Attorney Jaime Esparza, AUSA Mary Valadez, and AUSA Fidel Esparza III to Show Cause Why They Should Not Be Held in Contempt (Dkt. #392) and Defendant's Motion to Exempt His Daughter from PACER fees (Dkt. # 398).

BACKGROUND

Following a bench trial in November 2019, Defendant Bradley Croft was convicted of eight counts of wire fraud, four counts of aggravated identity theft, two counts of money laundering, and two counts of making a false tax return.

1

(Dkt. # 130.)  The Court entered a Preliminary Order of Forfeiture related to both real and personal property connected to the conviction on December 18, 2019. (Dkt. # 146.)  Defendant was sentenced on May 18, 2021.  (Dkt. # 228.)  The Court entered a Final Judgment of Forfeiture on September 7, 2022.  (Dkt. # 309.)

Defendant appealed to the Fifth Circuit challenging the sufficiency of the evidence underlying his convictions for wire fraud, aggravated identify theft, and money laundering, along with a challenge to the restitution and preliminary forfeiture orders.  See No. 21-50380.  He did not challenge his false tax return convictions. The Fifth Circuit affirmed.  United States v. Bradley Croft, No. 21-50380 (5th Cir. May 24, 2022).  Defendant then appealed this Court's denial of his motion for new trial, which was consolidated into Case No. 22-50659.

Defendant subsequently petitioned to the Supreme Court for a writ of certiorari, appealing the Fifth Circuit's affirmance of this Court's judgment.  See No. 22-5460.  On June 20, 2023, the Supreme Court vacated the judgment and remanded the case to the Fifth Circuit for further consideration in light of Dubin v. United States, 599 U.S. 110 (2023).  United States v. Bradley Croft, No. 22-5460 (2023) (judgment).

While the case was pending in the Fifth Circuit on remand, the Government asked the Court to permit it to proceed with the sale of the forfeited real property located at 15329 Tradesman (the "Property").  (Dkt. # 362.)  This

2

Court adopted Judge Chestney's recommendation and denied in the Motion and ordered the status quo be preserved pending "the Fifth Circuit's resolution of the issues before it on remand." (Dkt. # 382 at 1.)

On December 1, 2023, the Fifth Circuit again affirmed Defendant's convictions on remand. (Dkt. # 387.) The Government thereafter filed a Motion to Proceed with the Sale of the Property on December 7, 2023, which the Court granted on December 8, 2023. (Dkts. ## 383, 384.)

On December 15, 2023, the Fifth Circuit granted Defendant's Motion for Extension of Time to file a petition for re-hearing to December 22, 2023. No. 22-50659, Dkt. # 145. Defendant did not file a petition for re-hearing. See No. 22-50659. The Fifth Circuit issued its mandate on December 26, 2023. (Dkt. # 387.) On December 27, 2023, the Government sold the real property at issue.

On January 31, 2024, Defendant filed a Motion to require U.S. Attorney Jaime Esparza, AUSA Mary Valadez, and AUSA Fidel Esparza III to Show Cause Why They Should Not Be Held in Contempt (Dkt. # 392). On February 20, 2023, the Government filed a Response to the Motion. (Dkt. # 395.) On February 22, 2024, Defendant replied and included within his reply a Motion exempt his daughter, Cameron Croft, from PACER Fees. (Dkt. # 398.) On that same day, Defendant appealed this Court's Order granting the Motion for the Sale of the Property to the Fifth Circuit, which is currently pending. See 24-50144.

On February 29, 2024, Judge Chestney issued a Report and Recommendation (the "Report"), recommending that this Court deny Defendant's Motion to Show Cause and to exempt his daughter from PACER fees.  (Dkt. # 392, 398).  (Dkt. # 299.)  On March 25, 2024, Defendant filed objections to the Report.  (Dkt. # 404.)

Meanwhile, on February 29, 2024, Defendant filed a petition of writ of certiorari to the Supreme Court, requesting that the Court review the Fifth Circuit's decision affirming his convictions in light of Dubin.  United States v. Bradley Croft, No. 23-6895 (2024) (petition for a writ of certiorari).  On April 1, 2024, the Supreme Court denied the petition for writ of certiorari.  Id. (denial of petition).

## LEGAL STANDARD

The Court must conduct a *de novo* review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider.  Thomas v. Arn, 474 U.S. 140, 151 (1985).  A district court need not consider "[f]rivolous, conclusive, or general objections."  Battle v. U.S. Parole Comm'n,

834 F.2d 419, 421 (5th Cir. 1987).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

Defendant asks this Court to hold the U.S. Attorney and two AUSAs in contempt.  (Dkt. # 382.)  Defendant claims they violated the Court's order to preserve the status quo when they sold the Defendant's property before the Fifth Circuit's decision was final.  (Id.)  Defendants argue that the Government should have waited until the deadline had lapsed for the Defendant to either seek rehearing, petition for *en banc* review, or petition for a writ of certiorari at the Supreme Court before selling the Property.  (Id. at 2.)

In her Report, Judge Chestney found that the government attorneys should not be held in contempt because the Government sought and obtained the permission of this Court to sell the Property, which this Court had the proper jurisdiction to authorize after the Fifth's Circuit affirmance of Defendant's convictions.  (Dkt. # 399 at 4–5).

Defendant first objects to Judge Chestney's finding that this Court had jurisdiction to enter its December 8, 2024 Order granting the Government permission to proceed with the sale of the Property. (Dkt. # 404 at 2.) This Court agrees with Judge Chestney that this Court had jurisdiction to order the sale of the Property. This Court's October 25, 2023 Order did not order the parties to stay the status quo pending all future possible appeals or post-conviction proceedings pertaining to any of Defendant's convictions. Rather, the Order preserved the status quo pending "the Fifth Circuit's resolution of the issues before it on remand." (Dkt. # 382 at 1.) The Fifth Circuit's judgment affirming the convictions issued before the Court granted the Government's Motion to Sell the Property. Furthermore, the mandate from the Fifth Circuit affirming the convictions was issued before the sale. As a result, this objection is overruled.

Defendant's next objection states that the Government engaged in sanctionable conduct when it willfully induced the Court to lift the stay, even despite knowing the Court had no jurisdiction to do so. (Dkt. # 404 at 3.) Again, this Court had jurisdiction to authorize the stay. But even if the Court did not have jurisdiction, the government attorneys followed Court Orders by waiting for the Court's permission and the issuance of the Fifth Circuit's mandate to sell the Property. Therefore, because the government attorneys followed Court Orders,

they should not be held in contempt of Court. Defendant's second objection is overruled.

The Court does not find that Judge Chestney's other findings were clearly erroneous. Judge Chestney also found that the Defendant may not request exemption from PACER fees on behalf of his daughter because she is not a party to the lawsuit and cannot be granted this exemption. The Court agrees with Judge Chestney's reasoning, finding no error in this conclusion.

For the reasons given, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 379) as the opinion of the Court. Accordingly, the Court **DENIES** Defendant's Motion to Require U.S. Attorney Jaime Esparza, AUSA Mary Valadez, and AUSA Fidel Esparza III to Show Cause Why They Should Not Be Held in Contempt (Dkt. #392) and Defendant's Motion to exempt his daughter from PACER fees (Dkt. # 398). The Clerk's Office is instructed to mail a copy of this order to Bradley Lane Croft by certified mail.

**IT IS SO ORDERED.**

**DATE:** San Antonio, Texas, June 26, 2024.

_____
Hon. David Alan Ezra
Senior U.S. District Judge