IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | NO. 5:18-CR-00603-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| BRADLEY LANE CROFT, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is Defendant Bradley Lane Croft's Pro-se Motion to proceed In Forma Pauperis (Dkt. # 405) and the Report and Recommendation filed by United States Magistrate Judge Elizabeth Chestney (Dkt. # 408).  After reviewing the Report, the Court **ADOPTS** Judge Chestney's recommendations, and **DENIES** Croft's Motion to proceed In Forma Pauperis on Appeal.

## BACKGROUND

Following a bench trial in November 2019, Defendant Bradley Croft was convicted of eight counts of wire fraud, four counts of aggravated identity theft, two counts of money laundering, and two counts of making a false tax return. (Dkt. # 130.)  The Court entered a Preliminary Order of Forfeiture related to both real and personal property connected to the conviction on December 18, 2019.

(Dkt. # 146.)  Defendant was sentenced on May 18, 2021.  (Dkt. # 228.)  The Court entered a Final Judgment of Forfeiture on September 7, 2022.  (Dkt. # 309.)

Defendant appealed to the Fifth Circuit challenging the sufficiency of the evidence underlying his convictions for wire fraud, aggravated identify theft, and money laundering, along with a challenge to the restitution and preliminary forfeiture orders.  See No. 21-50380.  He did not challenge his false tax return convictions. The Fifth Circuit affirmed.  United States v. Bradley Croft, No. 21-50380 (5th Cir. May 24, 2022).  Defendant then appealed this Court's denial of his motion for new trial, which was consolidated into Case No. 22-50659.

Defendant subsequently petitioned to the Supreme Court for a writ of certiorari, appealing the Fifth Circuit's affirmance of this Court's judgment.  See No. 22-5460.  On June 20, 2023, the Supreme Court vacated the judgment and remanded the case to the Fifth Circuit for further consideration in light of Dubin v. United States, 599 U.S. 110 (2023).  United States v. Bradley Croft, No. 22-5460 (2023) (judgment).

While the case was pending in the Fifth Circuit on remand, the Government asked the Court to permit it to proceed with the sale of the forfeited real property located at 15329 Tradesman (the "Property").  (Dkt. # 362.)  This Court adopted Judge Chestney's recommendation and denied the Motion and

ordered the status quo be preserved pending "the Fifth Circuit's resolution of the issues before it on remand."  (Dkt. # 382 at 1.)

On December 1, 2023, the Fifth Circuit again affirmed Defendant's convictions and sentences on remand, which includes the final forfeiture order. (Dkt. # 387.)  The Government thereafter filed a Motion to Proceed with the Sale of the Property on December 7, 2023, which was granted on December 8, 2023. (Dkts. ## 383, 384.)

On December 15, 2023, the Fifth Circuit granted Defendant's Motion for Extension of Time to file a petition for re-hearing to December 22, 2023.  No. 22-50659, Dkt. # 145.  Defendant did not file a petition for re-hearing.  See No. 22-50659.  The Fifth Circuit issued its mandate on December 26, 2023.  (Dkt. # 387.) On December 27, 2023, the Government sold the real property at issue.

On February 22, 2024,  Defendant appealed this Court's December 8, 2023 Order granting the Motion for the Sale of the Property to the Fifth Circuit, which is currently pending.  See 24-50144.

On February 29, 2024, Defendant filed a petition of writ of certiorari to the Supreme Court, requesting that the Court review the Fifth Circuit's decision affirming his convictions in light of Dubin.  United States v. Bradley Croft, No. 23-6895 (2024) (petition for a writ of certiorari).  On April 1, 2024, the Supreme Court denied the petition for writ of certiorari.  Id. (denial of petition).

On March 25, 2024, Defendant filed a pro-se Motion to proceed In Forma Pauperis on Appeal. (Dkt. # 405.) This Motion was referred to Judge Chestney. Judge Chestney issued a Report and Recommendation on May 22, 2024. (Dkt. # 408.) Defendant filed objections to Judge Chestney's Report on June 13, 2024. (Dkt. # 411.)

## LEGAL STANDARD

The Court must conduct a *de novo* review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is

clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

ANALYSIS

Defendant filed an Application to Proceed In Forma Pauperis for the purpose of appeal.  (Dkt. # 405.)  Judge Chestney recommended that his Motion be denied because she found the appeal of the December 8, 2024 order was not taken in good faith and Defendant failed to show a nonfrivolous basis for appeal.  (Dkt. # 408 at 4.)  Defendant objected to the Report pro-se, but also asked this Court to withdraw his Motion to Proceed In Forma Pauperis because the issues are moot.  (Dkt. # 411.)

First, though Defendant states that he wishes to withdraw his Motion because the issues are "moot," Defendant's appeal of this Court's December 8, 2023 Order authorizing the Sale is pending in front of the Fifth Circuit.  See 24-50144.  Therefore, the Court will address the merits of Defendant's Motion, the Report, and the objections.

Defendant appeals this Court's December 8, 2023 Order authorizing the sale of his Property.  (Dkt. # 397.)  Judge Chestney found that it was plausible that he did not receive notice of the Court's order immediately because the Federal Public Defender that was listed as Defendant's counsel of record was no longer employed as an FPD on December 8, 2023.  (Dkt. # 408 at 5.)  However, Judge

5

Chestney found that IFP should be denied because Defendant failed to meet his burden to demonstrate a nonfrivolous basis for his appeal, nor did he explain how a lack of notice of the Court's Order would give a right to relief related to the Sale of the Property.  (Id.)   She also found that the appeal was untimely filed, as it was filed more than 14 days after the December 8, 2023 Order was issued.  (Id.)

Defendant first objects to Judge Chestney's finding that Defendant had not filed an affidavit outlining the issues he intended to present on appeal. (Dkt. # 411 at 2.)  He states that he "filed a signed Pro Se response to the government's response with information outlining the issues that the District Court could have corrected on its own but did not."  (Id.)  While it is not entirely clear to which filing Defendant refers, the Court looks at Defendant's pro-se response he filed to the Government's Motion to Sell the Property.  (Id.) (citing Dkt. # 388.) However, even if the Court were to consider his arguments in the response, his arguments still do not present a non-frivolous basis for appeal.  His response states that the Sale should not have been authorized because the appeal of Defendant's convictions was not final.  (Dkt. # 388.)  Yet the Court authorized the Sale of the Property on December 8, 2023, after Defendant's convictions had been affirmed for the second time on December 1, 2023.  Further, the mandate from the Fifth Circuit was issued before the Government actually sold the Property on December 27, 2023.  For these reasons, Defendant's first objection is overruled.  This

6

reasoning also supports overruling the objection to Judge Chestney's finding that he failed to show a right to relief related to the Sale of the Property.  The Property was the subject of a valid forfeiture order which had been affirmed on appeal. Defendant is not appealing the Final Forfeiture Order, but just the Order authorizing the Sale of the Property.  Because the Court authorized the sale after the convictions had been affirmed, there is no plausible appealable issue.

Defendant next objects to Judge Chestney's finding that Timothy Shepherd, Defendant's previous public defender, was not automatically terminated as appellate counsel and Defendant did not move to withdraw him or proceed pro-se in the District Court.  (Dkt. # 411 at 2.)  Defendant states that he did in fact move in the Fifth Circuit to proceed pro-se.  (Id.)   Ultimately, this finding does not affect whether Defendant should be granted IFP.  Even if it was to no fault of Defendant, Defendant's lack of notice of the Court's December 8, 2024 Order authorizing the sale does provide a basis to reverse the Order, because the Court authorized the sale after a valid final forfeiture order and the underlying convictions were affirmed on appeal.  For these reasons, Defendant's objection is overruled.

Lastly, Defendant objects to Judge Chestney's finding that he was unable to file a timely appeal due to lack of notice of this Court's December 8, 2023 Order.  Defendant must file a Notice of Appeal within 14 days of the entry of

the order being appealed.  FED. R. APP. P. 4(b).  Defendant appealed this Court's

December 8, 2023 order on February 22, 2024.

  As Judge Chestney explains, a Defendant may not receive extra time

to file an appeal due to lack of notice of the Court's order.  United States v. Awalt,

728 F.2d 704, 705 (5th Cir. 1984) ("Lack of notice is not a basis for a plea of

excusable neglect and does not excuse noncompliance with Rule 4(b).")  And even

if the lack of timely appeal was based on excusable neglect or good cause, this

Court only has the discretion to extend the time to file a notice of appeal for a

period not to exceed thirty days from the entry of the order.  FED. R. APP. P.

4(b)(4).  Because this notice of appeal was filed after January 8, 2024, it is still

untimely.  Therefore, the untimeliness of Defendant's appeal is yet another reason

that Defendant may not be granted IFP because he has not shown that his appeal is

nonfrivolous.  As a result, Defendant's fourth and final objection is overruled.

CONCLUSION

  For the reasons given, the Court **ADOPTS** the Magistrate Judge's

Report and Recommendation (Dkt. # 408) as the opinion of the Court.

Accordingly, the Court **DENIES** Defendant's Motion to Proceed In Forma

Pauperis (Dkt. # 405).  The Clerk's Office is instructed to mail a copy of this order

to Bradley Lane Croft by certified mail.

  **IT IS SO ORDERED.**

**DATE:** San Antonio, Texas, July 3, 2024.

_____
Hon. David Alan Ezra
Senior U.S. District Judge