IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | NO. 5:18-CR-00603-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| BRADLEY LANE CROFT, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation ("the Report") filed by United States Magistrate Judge Elizabeth Chestney. (Dkt. # 418.) After reviewing the Report, the Court **ADOPTS** Judge Chestney's recommendations and **DENIES** Defendant's Motion to Require the Prosecution "Team" AUSA Gregory Surovics, IRS (CI) Sean Scott, (SA) FBI Sharliegh Drake, (SDEE) FB Albert Ott, and Government Witness Wes Keeling to Show Cause Why They Should Not Be Held in Contempt. (Dkt. # 417.)

BACKGROUND

Following a bench trial in November 2019, Defendant Bradley Croft was convicted of eight counts of wire fraud, four counts of aggravated identity

1

theft, two counts of money laundering, and two counts of making a false tax return. (Dkt. # 130.)  Defendant was sentenced on May 18, 2021.  (Dkt. # 228.)

Defendant appealed to the Fifth Circuit challenging the sufficiency of the evidence underlying his convictions for wire fraud, aggravated identify theft, and money laundering, along with a challenge to the restitution and preliminary forfeiture orders.  See No. 21-50380.  He did not challenge his false tax return convictions. The Fifth Circuit affirmed.  United States v. Bradley Croft, No. 21-50380 (5th Cir. May 24, 2022).  Defendant then appealed this Court's denial of his motion for new trial, which was consolidated into Case No. 22-50659.

Defendant subsequently petitioned to the Supreme Court for a writ of certiorari, appealing the Fifth Circuit's affirmance of this Court's judgment.  See No. 22-5460.  On June 20, 2023, the Supreme Court vacated the judgment and remanded the case to the Fifth Circuit for further consideration in light of Dubin v. United States, 599 U.S. 110 (2023).  United States v. Bradley Croft, No. 22-5460 (2023) (judgment).  On December 1, 2023, the Fifth Circuit affirmed Defendant's conviction for a second time.  United States v. Bradley Croft, 87 F.4th 644 (5th Cir. 2023), cert. denied, 144 S. Ct. 1130 (2024).

On July 25, 2024, Defendant filed a Motion to Require the Prosecution "Team" AUSA Gregory Surovics, IRS (CI) Sean Scott, (SA) FBI

Sharliegh Drake, (SDFE) FBI Albert Ott and Government Witness Wes Keeling to Show Cause Why They Should Not Be Held in Contempt. (Dkt. # 417.)

On August 21, 2024, Judge Chestney issued a Report and Recommendation (the "Report"), recommending that this Court deny Defendant's Motion to Show Cause. (Dkt. # 418.) On September 10, 2024, Defendant filed objections to the Report. (Dkt. # 421.)

## LEGAL STANDARD

The Court must conduct a *de novo* review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is

clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

Defendant asks this Court to hold a contempt hearing and to appoint a special prosecutor for investigation and prosecution of the Government for perjury and criminal contempt.  (Dkt. # 417.)  Defendant identifies the Prosecution "Team" as AUSA Gregory Surovics, IRS (CI) Sean Scott, (SA) FBI Sharliegh Drake, (SDEE) FB Albert Ott, and Government Witness Wes Keeling (the "Government Individuals").  (Id. at 1.)  Defendant accuses the Government Individuals of committing perjury by giving false testimony and making false statements at various stages of his criminal proceedings.  (Id. at 3–5.)

In her Report, Judge Chestney found that Defendant's motion has not presented the Court with a sufficient basis for initiating criminal contempt proceedings.  (Dkt. # 418 at 4.)  Judge Chestney reasoned that Defendant's motion makes numerous unsubstantiated, summary accusations against various witnesses regarding their alleged provision of false testimony before the grand jury, in the search warrant affidavit, and at Defendant's criminal trial.  (Id.)

Defendant objects to Judge Chestney's finding that his accusations were unsubstantiated.  (Dkt. # 421 at 1.)  Defendant argues that his claims were substantiated by evidence contained in his Memorandum of Law.  (Id.)

4

For a criminal contempt order, the district court must find that the accused exhibited willful, contumacious intent, 18 U.S.C § 401(A)(3), or a reckless state of mind, at the time the prohibited conduct occurred.  In re Joyce, 506 F.2d 373, 378 (5th Cir. 1975).  Moreover, a conviction for criminal contempt requires proof beyond a reasonable doubt of a (1) reasonably specific order, (2) violation of the order, and (3) the willful intent to violate the order.  Cooper v. Texaco, 961 F.2d 71, 72 n. 3 (5th Cir. 1992).

Defendant argues his claims that the Government Individuals engaged in perjury or false testimony were substantiated by instances of conflicting or contracted testimony offered throughout his criminal trial proceedings.  However, that the witnesses' testimony allegedly may have been conflicting or contradictory does not by itself establish that those individuals acted upon a willful, contumacious intent, or a reckless state of mind.

This Court therefore agrees with Judge Chestney that Defendant's accusations as to the Government Individuals' state of mind were unsubstantiated. (Dkt. # 418 at 4.)  In his Memorandum of Law, Defendant quotes various portions of transcripts in an attempt to establish a sufficient basis for criminal investigation into the alleged perjury.  But as Judge Chestney correctly notes, his filings fail to do so.

For the reasons given, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 418) as the opinion of the Court. Accordingly, the Court **DENIES** Defendant's Motion to Require the Prosecution "Team" AUSA Gregory Surovics, IRS (CI) Sean Scott, (SA) FBI Sharliegh Drake, (SDEE) FB Albert Ott, and Government Witness Wes Keeling to Show Cause Why They Should Not Be Held in Contempt. (Dkt. # 417.) The Clerk's Office is instructed to mail a copy of this order to Bradley Lane Croft by certified mail.

**IT IS SO ORDERED.**

**DATE:** San Antonio, Texas, September 26, 2024.

Hon. David Alan Ezra
Senior U.S. District Judge