FILED

JUL 07 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

*Notice of Urgent Status and Request for Ruling on Pending Motiin for Immediate Hearing and Release (EFC No: 426)*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

United States of America

v.

Bradley Lane Croft

Case No. 5:18-cr-00603-DAE

## *NOTICE OF URGENT STATUS AND REQUEST FOR PROMPT RULING ON DEFENDANT'S MOTION FOR IMMEDIATE HEARING AND RELEASE (ECF No. 426)*

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Bradley Lane Croft, pro se, respectfully files this Notice to inform the Court that fourteen (14) days have now passed since the filing of his Motion for Immediate Hearing and Release Pending Final Disposition of Rule 60(b)(6) Motion (ECF No. 426), which was submitted on June 23, 2025.

The motion requested that the Court hold a hearing within ten (10) days and grant release from all remaining custody due to undisputed evidence of structural constitutional violations, fraud on the court, and a conflict of interest that voids the underlying conviction. To date, the motion remains pending and no scheduling order or ruling has been entered.

Given the severity of the constitutional harm outlined in the record and the ongoing deprivation of liberty, Defendant respectfully urges the Court to take prompt action on the pending motion without further delay.

In addition, Defendant has made repeated, good-faith efforts to engage with government counsel regarding the pending Rule 60(b) motions and newly discovered evidence. On June 24, 2025, Defendant sent an email to DOJ warning of prosecutorial misconduct under former AUSA Gregory Surovic, referencing suppressed evidence involving Fred Olivares, and placing DOJ on notice of upcoming Rule 60 filings. On June 26, 2025 at 8:14 AM,

Defendant emailed AUSA Fidel Esparza with notice of newly uncovered Brady material and offered to delay filing if DOJ was willing to resolve the matter. That same day, at 4:34 PM, Defendant sent a follow-up email confirming DOJ's continued silence and reiterating his intent to file. On July 2, 2025, Defendant issued a final outreach summarizing all pending Rule 60(b) filings and again offered DOJ an opportunity to resolve the matter prior to discovery. None of these communications received any response. The government's refusal to engage, combined with its silence on the docket, leaves the allegations uncontested and further justifies immediate judicial intervention.

## PRAYER FOR RELIEF

Defendant respectfully requests that the Court:

1. Take notice of this filing and the time-sensitive nature of the relief sought in ECF No. 426;
2. Promptly schedule a hearing or issue a ruling on the pending motion; and
3. Grant any other and further relief that the Court deems just and proper.


Respectfully submitted,

/s/ Bradley Lane Croft
301 Yucca
San Antonio, TX 78203
info@universalk9inc.com
(210) 884-2273

## Condensed Exhibit Chart – Govt Email Communications (A–D)

| Exhibit No. | Date | Description | Relevance |
|---|---|---|---|
| Exhibit A | June 24, 2025 | Email to DOJ warning of Surovic misconduct, Olivares conflict, and upcoming Rule 60 filings. | Establishes DOJ had early notice of suppressed evidence and exposure. |
| Exhibit B | June 26, 2025 (8:14 AM) | Pre-filing notice to AUSA Fidel Esparza offering to delay based on new TVC letter and affidavit. | Shows Brady disclosure and attempt to resolve without litigation. |
| Exhibit C | June 26, 2025 (4:34 PM) | Follow-up email confirming DOJ silence and reiterating Rule 60(b) filing. | Documents refusal to engage and preserves record of outreach. |
| Exhibit D | July 2, 2025 | Final outreach summarizing all Rule 60 filings and inviting DOJ to resolve pre-discovery. | Confirms exhaustive good-faith effort before filing Notice of Urgent Status. |

- **Immediate_Release_With_Caption.docx**
  8 KB
- **Exhibit_Chart_Forfeiture_Motion.docx**
  37 KB
- **Rule_60b6_With_Caption.docx**
  9 KB
- **Motion_To_Set_Aside_Forfeiture_Fraud_On_The_Court.docx**
  38 KB
- **mcchugh affdavit.pdf**
  97 KB
- **Recreated_Bivens_Complaint_with_Corrected_Paragraph_9.docx**
  9 KB
- **Ex. 30_Investigator Olivares Affidavit.pdf**
  601 KB
- **AUSA Discovery letter 20181119_250621_082417.pdf**
  1.7 MB
- **Declaration_Bradley_Croft.docx**
  7 KB

---

**Liedecke, Patricia (USATXW)** <Patricia.Liedecke@usdoj.gov>    Tue, Jun 24, 2025 at 3:47 PM
To: universalk9sa@gmail.com <universalk9sa@gmail.com>
Cc: Esparza, Fidel (USATXW) <Fidel.Esparza@usdoj.gov>, Valadez, Mary Nelda (USATXW) <Mary.Nelda.Valadez@usdoj.gov>

Sir, as I am not an attorney at law, please direct future correspondence to AUSA Fidel Esparza and Mary Nelda Valadez (cc'd above).

[Quoted text hidden]

---

**Universalk9sa** <universalk9sa@gmail.com>    Tue, Jun 24, 2025 at 3:59 PM
To: Liedecke, Patricia (USATXW) <Patricia.Liedecke@usdoj.gov>
Cc: Esparza, Fidel (USATXW) <Fidel.Esparza@usdoj.gov>, Valadez, Mary Nelda (USATXW) <Mary.Nelda.Valadez@usdoj.gov>

Dear AUSA Esparza,

I am now directing all future communications regarding the pending Rule 60(b)(6) motion, Bivens complaint, and related forfeiture proceedings to your attention, as instructed.

Let me be direct.

You've inherited a legal disaster created by your predecessor, Gregory Surovic—one now permanently preserved in court filings, media documentation, and formal bar and licensing complaints. The record speaks for itself:

A DOJ-authored letter signed under U.S. Attorney John Bash warned of a conflict involving Fred Olivares, who was embedded in my defense team despite direct involvement in a prior federal investigation of me.

My own defense attorney submitted a sworn affidavit falsely denying receipt of that letter—committing perjury.

DOJ knew this and did nothing.

That single letter and its concealment have already triggered multiple filings that, once ruled on, will begin to unravel the entire prosecution.

I am not interested in negotiating, pleading, or posturing.
I am interested in ending this now, before more damage is done—to the credibility of your office and the integrity of the court.

You have a choice:

1. Oppose the motion and prolong exposure in the courts, the press, and the public eye.

2. Step in, do what your predecessor didn't, and acknowledge what's already been proven.

I am preserving every response and non-response for the record, the courts, and if necessary, congressional oversight. This is no longer about whether fraud occurred. It's about who tries to ignore it.

Respectfully,
Bradley Lane Croft
Pro Se Litigant
301 Yucca, San Antonio, TX 78203
(210) 884-2273
info@universalk9inc.com
[Quoted text hidden]

📎 image001.jpg
282 KB

---

**Universalk9sa** <universalk9sa@gmail.com>                               Tue, Jun 24, 2025 at 4:04 PM
To: Liedecke, Patricia (USATXW) <Patricia.Liedecke@usdoj.gov>
Cc: Esparza, Fidel (USATXW) <Fidel.Esparza@usdoj.gov>, Valadez, Mary Nelda (USATXW) <Mary.Nelda.Valadez@usdoj.gov>

And for the record Ms. Liedecke I recieved the attched auto reply when I tried to send Surovics the filings.




## Urgent: Final Opportunity to Resolve Before Filing Additional Rule 60(b) Motion
1 message

**Universalk9sa** <universalk9sa@gmail.com>　　　　　　　　　　　Thu, Jun 26, 2025 at 8:14 AM
To: Esparza, Fidel (USATXW) <Fidel.Esparza@usdoj.gov>, Valadez, Mary Nelda (USATXW) <Mary.Nelda.Valadez@usdoj.gov>

Dear Mr. Esparza,

I am writing to provide notice that I intend to file an additional Rule 60(b)(6) motion later today, supported by newly presented documentary evidence establishing that the Texas Veterans Commission (TVC) had formally acknowledged and was actively processing Universal K9's Midlothian campus as part of the San Antonio-based program—contrary to the false narrative presented by the government and key witnesses at trial.

The May 15, 2017 letter from the TVC, signed by Director Tammy L. Micallef, confirms not only that the Midlothian campus was under official review, but that exhibits submitted for that campus were directly connected to the San Antonio approval. This document unequivocally refutes Officer Wes Keeling's sworn testimony and the prosecution's theory at trial. Your office was in possession of this letter through discovery and failed to disclose or correct its implications—further compounding the existing Brady and Napue violations already before the Court.

Additionally, I intend to supplement the Rule 60(b) motion with a sworn affidavit from the Midlothian Chief of Police confirming Keeling's role as a Universal K9 instructor and the San Antonio connection of the Midlothian classes, as well as verified metadata showing Keeling's direct involvement in the program.

I am offering the government one final opportunity to resolve this matter without further litigation. If you are prepared to engage in meaningful discussion about vacating the affected counts, dismissing the underlying conviction, or reaching another structured resolution, I am willing to momentarily hold the filing.

However, let me be clear: this matter does not end here. I am actively investigating every individual involved, and once my civil rights action moves to discovery, I fully intend to depose every member of your office who participated in, or had oversight of, this prosecution. All evidence—communications, internal memos, and withheld material—will be pursued under subpoena and exposed accordingly.

Absent immediate engagement, I will proceed with filing the motion today.

Sincerely,
Bradley Lane Croft
info@universalk9inc.com
(210) 884-2273
Pro Se Plaintiff/Movant

**6 attachments**




Exhibit C

# Tomorrows Filing
1 message

**Universalk9sa** <universalk9sa@gmail.com>  Thu, Jun 26, 2025 at 4:34 PM
To: Esparza, Fidel (USATXW) <Fidel.Esparza@usdoj.gov>, Valadez, Mary Nelda (USATXW) <Mary.Nelda.Valadez@usdoj.gov>

Mr. Esparza,

As you are aware, I previously contacted your office with evidence confirming that government witness Wes Keeling provided materially false testimony at trial, and that your office possessed Brady material contradicting that testimony. I offered an opportunity to resolve or narrow the issue through good faith discussion.

As of this writing, I have received no response.

Please be advised that the following paragraph has now been added to tomorrow's Rule 60(b)(6) filing along with a new exhibit:

Efforts to Resolve Prior to Filing: Prior to filing this motion, Movant contacted the Assistant U.S. Attorney currently assigned to this matter and presented the newly confirmed evidence of false testimony and government suppression. Movant offered the government an opportunity to engage in good faith discussions to resolve or narrow the dispute. As of the time of this filing, no response has been received. This filing proceeds only after a good-faith attempt to resolve the issue without further burdening the Court. Have a good evening.


Respectfully,
Bradley Lane Croft
Pro Se Movant
info@universalk9inc.com
210-884-2273

- **Screenshot_20250626-080305_Samsung Notes.jpg**
  559 KB

- **Screenshot_20250626-080302_Samsung Notes.jpg**
  922 KB

- **Exhibit_Chart_Rule60b6_Keeling_False_Testimony.docx**
  37 KB

- **Rule_60b6_Supplement_Keeling_False_Testimony_FINAL.docx**
  38 KB

- **#10 Exhibit Chief Carl Smith affidavit & attachments 05-23-22 (1).pdf**
  3.7 MB




Exhibit D

# Todays Filing
1 message

**Universalk9sa** <universalk9sa@gmail.com>  Wed, Jul 2, 2025 at 5:09 PM
To: Esparza, Fidel (USATXW) <Fidel.Esparza@usdoj.gov>, Valadez, Mary Nelda (USATXW) <Mary.Nelda.Valadez@usdoj.gov>

Mr. Esparza,

As of today, four Rule 60(b) motions are pending before the Court — each based on distinct constitutional violations, government misconduct, and structural defects that infected my conviction.

From undisclosed conflicts involving Fred Olivares and Thomas McHugh, to perjury from government witness Wes Keeling, to unresolved identity issues surrounding Sean Scott — the pattern is clear. These aren't isolated problems. They're coordinated failures, and they're now formally documented in the record.

In addition I have sent out multiple FOIA request to different agencies who participated in the prosecution of me to expose more of the misconduct and sloppy investigation into me with no basis for a crime. This isnt close to being over!

This isn't going away. The filings are backed by sworn affidavits, verified exhibits, internal agency letters, and timeline contradictions your office cannot ignore.

That said, I'm still willing to have a direct conversation. I'd rather speak now — before discovery opens, before subpoenas go out, and before more misconduct is forced into the public record.

If you're willing to talk, you know how to reach me.

Bradley Lane Croft
info@universalk9inc.com
301 Yucca, San Antonio, TX 78203
(210) 884-2273

**2 attachments**

- **Notice_Distinct_Rule_60b_Filings_Updated.docx**
  37 KB
- **Amended_1983_Complaint_Show_Cause_Response.docx**
  9 KB