# UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS — SAN ANTONIO DIVISION

UNITED STATES OF AMERICA,
Plaintiff/Respondent,

v.             Case No. 5:18-CR-00603-E

(Related Civil Nos. 5:24-CV-00413-E, 5:24-CV-00783-XR, 5:24-CV-00897-FB, 3:25-CV-01400)

BRADLEY LANE CROFT,
Defendant/Movant.

---

## NOTICE OF LEGAL DEFECT IN § 1028A CONVICTIONS DUE TO ABSENCE OF VALID PREDICATE UNDER 18 U.S.C. § 1343

TO THE HONORABLE COURT:

Comes now Defendant/Movant Bradley Lane Croft and respectfully submits this Notice of Legal Defect for the purpose of supplementing the post-conviction record with statutory clarification regarding Counts Nine through Twelve of the Superseding Indictment (Aggravated Identity Theft, 18 U.S.C. § 1028A).

This Notice is not intended as an amendment to the previously filed Motion to Vacate under 28 U.S.C. § 2255, to which the government has responded, but rather to document a material defect in the judgment that remains unaddressed and impacts multiple post-conviction filings currently pending before the Court.

1. § 1028A Requires a Predicate Felony Committed "During and in Relation to" the Identity Use

Under 18 U.S.C. § 1028A(a)(1), the government must prove beyond a reasonable doubt that a defendant:

"knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person during and in relation to any felony violation enumerated in subsection (c)..."

In this case, the predicate felony alleged was wire fraud under 18 U.S.C. § 1343 (Counts 1–8).

However, the alleged identity usage (i.e., instructor names used on applications or documents submitted to TVC) occurred in or around 2015 — during program approval or VA-related setup. The wires listed in the indictment occurred in 2018, and were tied to tuition claims initiated by the VA months or even years after the instructor information was originally submitted.

There is no allegation — and no evidence presented at trial — that any identity was used during or in relation to the specific wire transfers listed in the indictment. The government's theory fails under the plain language of the statute.

Additionally, in Dkt. 440, Plaintiff has already argued that the Texas Veterans Commission (TVC) did not accept electronic submissions. Applications were submitted via hard-copy PDF, and VA payments were triggered by the VA itself without any email or wire-based fraudulent transmissions. These facts further underscore the absence of any viable wire fraud predicate for purposes of § 1028A.

The Superseding Indictment itself expressly ties the aggravated identity theft counts (Counts 9–12) to the wire fraud counts (Counts 1–8), stating that the identity theft occurred "in relation to the Wire Fraud counts as listed in Counts One through Eight." This statutory linkage is unsupportable based on the actual chronology and evidentiary record.

2. Legal Precedent Supports Invalidation of § 1028A Convictions

In Flores-Figueroa v. United States, 556 U.S. 646 (2009), the Supreme Court held that § 1028A requires knowing use of another's identity in connection with the predicate offense.

In United States v. Spears, 729 F.3d 753 (7th Cir. 2013), the court reversed a § 1028A conviction where the identity usage was temporally and factually disconnected from the predicate offense.

Here, any identity allegedly used occurred long before any wire transfer, and none of the named individuals were involved in transmitting wire-based requests or initiating electronic payments. No wire fraud was committed "using" someone else's identity, as required.

3. Government Silence on this Issue Would Confirm a Pattern

Plaintiff respectfully notes that multiple filings remain unaddressed by the government, including:
- Dkt. No. 437: Motion for Immediate Hearing and Release
- Dkt. No. 439: Rule 60(b)(6) Motion (Olivares conflict and embedded FBI agent)
- Dkt. No. 440: Rule 60(b)(6) Motion (Wire fraud theory – TVC did not accept electronic submissions)
- Dkt. No. 443: Renewed Motion for Immediate Release
- Dkt. No. 446: Supplement to Rule 60(b) with FBI bodycam and retaliation evidence

- Dkt. No. 449: Motion to Recuse
- Dkt. No. 450: Show Cause Motion against AUSA Surovics for misrepresentation

If the government fails to respond to this statutory defect, Plaintiff will treat that silence as further indication of a pattern of procedural avoidance and will preserve this issue for appeal and/or future collateral attack.

4. This Defect is Not Harmless

Each conviction under 18 U.S.C. § 1028A carried a mandatory two-year consecutive sentence. Plaintiff is currently serving additional prison time based solely on charges that are statutorily defective under binding precedent. This is not harmless error. This is a sentencing enhancement imposed without lawful authority.

5. Judicial Acknowledgment and Government Conflict

Plaintiff respectfully requests that the Court acknowledge this Notice as part of the broader Rule 60(b)(6) record and address this statutory defect in any final ruling concerning post-conviction relief. If the Court declines to address the issue directly, Plaintiff will file a supplemental Rule 60(b)(6) motion seeking vacatur of Counts Nine through Twelve.

Rule 60(b)(6) relief remains appropriate where structural constitutional violations, statutory invalidity, and ongoing confinement intersect to undermine the integrity of the judgment.

Plaintiff further notes that a motion to recuse the presiding judge is currently pending (Dkt. No. 449), based on a cumulative pattern of delayed rulings, unaddressed constitutional claims, and undisclosed conflicts involving individuals named in this and other filings. The relief requested herein is distinct, but necessarily intersects with those unresolved concerns.

In addition, the government remains actively conflicted in its continued participation in this matter. Prosecutors named in Plaintiff's filings are subjects of ongoing Rule 60(b)(6) allegations involving due process violations, Giglio suppression, and materially false representations to the Court. The government has yet to respond to these allegations, and its silence, combined with continued advocacy by conflicted attorneys, threatens to compromise the fairness and independence of any further proceedings.

Respectfully submitted,

Bradley Lane Croft
Crosspoint RRC
San Antonio, Texas
info@universalk9inc.com
(210) 884-2273

Date: July 29, 2025