UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | No. 5:18-cr-603-DAE |
| | § | |
| Petitioners, | § | |
| | § | |
| vs. | § | |
| | § | |
| BRADLEY LANE CROFT, | § | |
| | § | |
| Defendant. | § | |

_____

ORDER (1) ADOPTING REPORT AND RECOMMENDATION, AND
(2) DENYING VARIOUS MOTIONS

Before the Court is a Report and Recommendation ("Report") filed by

Magistrate Judge Elizabeth Chestney. (Dkt. # 512.) On October 2, 2025, Judge

Chestney submitted a Report and Recommendation, recommending that the Court

deny various motions by Defendant Bradley Croft: Motion to Set Aside Final

Order of Forfeiture Due to Fraud on the Court and Constitutional Violations

(Dkt. # 438); Motion to Compel Substantive Response to Defendant's Rule 60(b)

Motion to Set Aside Final Order of Forfeiture (Dkt. # 467); Motion to Expedite

and to Require Government Response under Rule 8(b) (Dkt. # 470); Motion to Set

Hearing on Pending Motions (Dkt. # 472); Rule 60(d)(3) Motion to Set Aside

Forfeiture Judgment for Fraud on the Court (Dkt. # 473); Motion to Set Hearing on

Defendant's Rule 60(d)(3) Motion to Set Aside Forfeiture Judgment for Fraud on the Court, or in the Alternative, Motion for Immediate Ruling on the Record (Dkt. # 474); Motion for Preliminary Injunction to Pause Enforcement of Forfeiture Judgment or, in the Alternative, Release Funds for Attorney Fees (Dkt. # 475); and Motion to Require Government Response and to Set Evidentiary Hearing on Referred Rule 60(d)(3) Motion (Dkt. # 477).

On October 6, 2025, Defendant filed Objections to the Magistrate's Report and Recommendation ("Objections").  (Dkt. # 520.)  Given her recommendation to dismiss Defendant's pending motions, Judge Chestney issued a separate order denying Defendant's Motion to Set Expedited Hearing and Require Ruling on All Pending Forfeiture Motions Referred to Magistrate Judge (Dkt. # 516) on October 7, 2025.  (Dkt. # 521.)[1]  Defendant filed objections to this order on October 9, 2025 ("Hearing Denial Objections").  (Dkt. # 523.)  The Court will consider both sets of objections.

The Court finds this matter suitable for disposition without a hearing. After careful consideration, and for the reasons given below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 512) and **DENIES** the following pending motions: Defendant's Motion to Set Aside Final Order of

---

[1] Magistrate Judge Chestney issued an order on October 6, 2025 (Dkt. # 519) and filed an amended order on October 7, 2025 (Dkt. # 521) to correct a minor error.

Forfeiture Due to Fraud on the Court and Constitutional Violations (Dkt. # 438);

Defendant's Motion to Compel Substantive Response to Defendant's Rule 60(b)

Motion to Set Aside Final Order of Forfeiture (Dkt. # 467); Defendant's Motion to

Expedite and to Require Government Response under Rule 8(b) (Dkt. # 470);

Defendant's Motion to Set Hearing on Pending Motions (Dkt. # 472); Defendant's

Rule 60(d)(3) Motion to Set Aside Forfeiture Judgment for Fraud on the Court

(Dkt. # 473); Defendant's Motion to Set Hearing on Defendant's Rule 60(d)(3)

Motion to Set Aside Forfeiture Judgment for Fraud on the Court, or in the

Alternative, Motion for Immediate Ruling on the Record (Dkt. # 474); Defendant's

Motion for Preliminary Injunction to Pause Enforcement of Forfeiture Judgment

or, in the Alternative, Release Funds for Attorney Fees (Dkt. # 475); and

Defendant's Motion to Require Government Response and to Set Evidentiary

Hearing on Referred Rule 60(d)(3) Motion (Dkt. # 477).

## BACKGROUND

The Court agrees with Judge Chestney's recitation of the facts and

incorporates them in full:

Defendant Bradley Lane Croft was convicted on November 6, 2019,

following a bench trial, of 16 counts of wire fraud, aggravated identity theft,

money laundering, and making a false tax return.  (Dkt. # 39.) The fraud

underlying his conviction involved the operation of a dog training and dog handler

school in San Antonio, Texas, which Defendant advertised as Universal K-9 or

Universal K-Nine.  (Id. at 3–4.) Defendant unlawfully obtained GI Bill educational

benefit payments from the Texas Veterans Commission for providing dog handler

training through the submission of fraudulent documents and fraudulent

representations regarding the training programs.  (Id. at 4.)  The Superseding

Indictment and subsequent Second Bill of Particulars included a notice of

forfeiture to Defendant that the Government was seeking the forfeiture of personal

and real property of Defendant.  The Second Bill of Particulars listed the

following:

### Personal Properties

1. 2017 American Eagle 45T Motorhome, VIN: 4UZFCGBG9HCJB4052;
2. 2018 Ford F-150 King Ranch Lariat, VIN: 1FTEW1EG7JFB84609;
3. 2017 Dodge Ram 1500 Laramie, VIN: 1C6RR7NTXHS832445;
4. 2016 Yamaha Superjet Ski, Hull No.: YAMH0007D616;
5. 2009 Yamaha Waverunner Jetski, Hull No.: YAMA3976I809;
6. 2012 Rocket International Trailer, VIN: 4YBAB2026CF005447;
7. $134,415.64, More or Less, in United States Currency seized from Wells Fargo Account #XXXXXX1730 in the name UNIVERSAL K NINE seized on 8/8/18;
8. $4,372.00, More or Less, in United States Currency;
9. $98,900.00, More or Less, in United States Currency seized from Wells Fargo Account #XXXXXX1730 in the name UNIVERSAL K NINE seized on 9/19/18; and
10. $6,510.09, More or Less, in United States Currency seized from Wells Fargo Account #XXXXXX1730 in the name UNIVERSAL K NINE seized on 11/29/18, hereinafter referred to as the Subject Personal Properties.

**<u>Real Property</u>**

Real Property located and situated at 15329 Tradesman, San Antonio, Bexar County, Texas, with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any, and being more fully described as follows: LOT 15, BLOCK 2, NEW CITY BLOCK 14846, TRADESMAN NORTH INDUSTRIAL SUBDIVISION UNIT 1, IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 6200, PAGE 129, DEED AND PLAT RECORDS, BEXAR COUNTY, TEXAS, hereinafter referred to as the Subject Real Property.

(Dkt. # 52.)

The United States moved for a preliminary order of forfeiture, and the Court held a forfeiture hearing on December 18, 2019, after which it entered a money judgment in the amount of $1,300,000.00 and entered a Preliminary Order of Forfeiture (Dkt. # 146), forfeiting Defendant's interest in the subject real and personal property.  Defendant was sentenced on April 30, 2021, and the judgment entered on May 18, 2021, included the forfeited personal and real property.  (Dkt. # 228.)

Defendant filed an appeal with the Fifth Circuit challenging the sufficiency of the evidence underlying his convictions for wire fraud, aggravated identity theft, and money laundering.[2]  See No. 21-50380.  In the appeal, Defendant also appealed the District Court's preliminary restitution and forfeiture

---

[2] Defendant did not appeal his convictions for making a false tax return.

orders. The Fifth Circuit affirmed the convictions and the restitution and forfeiture orders on May 24, 2022, finding sufficient evidence to support Defendant's wire fraud convictions and that the District Court's finding that the "seized assets could be traced to [Defendant] and his monies procured by fraud" was not erroneous, let alone clearly erroneous. See United States v. Croft, No. 21-50380, 2022 WL 1652742, at *5 (5th Cir. May 24, 2022). Following sentencing and the affirming of Defendant's conviction by the Fifth Circuit, the District Court entered a Final Judgment of Forfeiture on September 7, 2022, forfeiting the subject personal and real property to the Government. (Dkt. # 309.) Defendant thereafter filed several additional appeals, including a petition for writ of certiorari to the United States Supreme Court.

Meanwhile, Universal K Nine, through its registered agent Cameron Croft (Defendant's daughter), proceeding pro se, asked the Court to set aside the forfeiture, return certain forfeited property, and for the appointment of counsel. Judge Chestney issued a report and recommendation (Dkt. # 346) in May 2023, recommending that the District Court deny the motion on the basis that Ms. Croft was not entitled to the return of any forfeited property because (1) she did not timely assert any interest in the forfeited property pursuant to 21 U.S.C. § 853(n); (2) there was no basis for equitable tolling of the deadlines for initiating an ancillary proceeding regarding the forfeited property; (3) she was not entitled to

relief under Federal Rule of Civil Procedure 60(b); and (4) as to any property that was not the subject of the forfeiture proceedings, she failed to establish that the property was in the possession of the Government, such that it could be returned. Ms. Croft subsequently filed several additional motions, asking the Court to reopen the ancillary proceedings and for sanctions.

On June 20, 2023, the Supreme Court granted Defendant's petition for certiorari, vacated the Fifth Circuit's judgment affirming Defendant's conviction, and remanded the case to the Fifth Circuit for further proceedings in line with the Court's holding in Dubin v. United States, 599 U.S. 110 (2023). See Croft v. United States, 143 S.Ct. 2635 (2023). The Government moved to proceed with the sale of forfeited real property, and Defendant responded with a motion to dismiss the Government's motion on the basis that the District Court lacked jurisdiction over the case because of the appeal pending before the Fifth Circuit.

Judge Chestney issued a second report and recommendation in September 2023, recommending that the District Court grant Defendant's motion, preserve the status quo pending the outcome of the appeal, and dismiss Ms. Croft's and the Government's motions without prejudice. (Dkt. # 379.) The District Court adopted the recommendation on October 25, 2023. (Dkt. # 382.)

The Fifth Circuit affirmed Defendant's conviction a second time on December 1, 2023. See United States v. Croft, 87 F.4th 644 (5th Cir. 2023).

Shortly thereafter, the Government renewed its motion to proceed with the sale of the forfeited real property in light of the Fifth Circuit's resolution of the appeal. The District Court granted the motion on December 8, 2023, and allowed the Government to proceed with the sale of the forfeited real property at issue (Dkt. # 384.) As to Ms. Croft's original motion to set aside the forfeiture, which was the subject of Judge Chestney's first report and recommendation, the District Court denied the motion without prejudice to refiling on the basis that the Court did not have jurisdiction to rule on the motion when it was filed and the case was on appeal. (Dkt. # 394.) Defendant again filed a petition for writ of certiorari to the United States Supreme Court, and on April 1, 2024, the Supreme Court denied the petition. See Croft v. United States, 144 S. Ct. 1130 (2024).

Defendant has now renewed his request to set aside the final judgment of forfeiture, arguing that he is entitled to relief under Rule 60 of the Federal Rules of Civil Procedure because various constitutional violations infected the underlying criminal proceedings giving rise to the forfeiture judgment. Defendant also seeks relief under Federal Rule of Civil Procedure 65, arguing that he is entitled to a preliminary injunction pausing enforcement of the forfeiture judgment. Defendant also has filed several motions requesting a hearing and expedited resolution of his motions.

In her Report, Judge Chestney determined that Rule 60 is not a proper mechanism for Defendant to attempt to reopen the forfeiture proceedings because he is not a third party to the proceedings.  (Dkt. # 512 at 6.)  She also determined that the arguments Defendant made to set aside the forfeiture constitute collateral attacks on his conviction, and thus is an unauthorized successive petition to his existing habeas petition.  (Id. at 7.)  Lastly, Judge Chestney determined that Defendant has not made any showing that he is entitled to a preliminary injunction.  (Id. at 7–8.)  Defendant filed Objections to this Report ("Objections").  (Dkt. # 520.)  In light of Judge Chestney's recommendation to dismiss Defendant's pending motions, Judge Chestney issued a separate order denying Defendant's Motion to Set Expedited Hearing and Require Ruling on All Pending Forfeiture Motions Referred to Magistrate Judge (Dkt. # 516).  (Dkt. # 521.)  Defendant also filed objections to this order ("Hearing Denial Objections").  (Dkt. # 523.)  Because the Hearing Denial Objections are related to the Report which the Court presently considers, the Court will consider both sets of Objections.

<u>LEGAL STANDARDS</u>

I.    <u>Review of a Magistrate Judge's Report and Recommendation</u>

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  <u>See</u> 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Report and Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

The Court will first consider Defendant's Objections (Dkt. # 520) followed by his Hearing Denial Objections (Dkt. # 523). Many of Defendant's objections are frivolous as they misinterpret Judge Chestney's findings, are repetitive, or fail to cite any supporting law. Nevertheless, the Court will attempt to respond to Defendant's objections out of an abundance of caution and to provide further clarification.

I.    Objections

    Defendant's "lead objection," of which his specific objections are largely repetitive, argues that Judge Chestney's labeling of the fraud-on-the-court claims as an "unauthorized successive petition" (Dkt. # 512 at 7) contradicts the Court's prior grant to supplement Defendant's habeas petition. (Dkt. # 520 at 2.) Thus, he argues, Judge Chestney's successive-petition bar is legally wrong. (Id.) However, the Court's authorization to amend or supplement his § 2255 motion (Dkt. # 493) does not bear any weight on the merit of Defendant's underlying claims; the Court granted leave to supplement and asserted only that the § 2255 motion was "[t]he proper vehicle for collaterally attacking his conviction . . . ." (Id. at 3.) This only reinforces Judge Chestney's finding that Defendant's motion to set aside the forfeiture, in which he repeats many of the same arguments, is successive and *not* the proper vehicle for raising these claims. To the extent Defendant objects that his fraud-on-the-court claims cannot be barred as successive, the Court again clarifies that Judge Chestney is not speaking to the merits of his claims, but stating that his current motion to set aside the forfeiture is not the proper vehicle for collateral attacks.[3] (See Dkt. # 512 at 7.)

---

[3] The Court later denied Defendant's § 2255 motion by separate order. (Dkt. # 535.)

Defendant next argues that the Report "improperly recast Petitioner's fraud-on-the-court allegations as though they were ineffective assistance of counsel claims." (Dkt. # 520.) The Court cannot find such a statement or suggestion in the Report. Defendant also objects the Report improperly invokes "third-party notice," which is irrelevant because Defendant is not a third party. (Id.) The Court clarifies that it is *because* Defendant is not a third party that he cannot use Fed. R. of Civ. P 60(b) to reopen a forfeiture proceeding. (See Dkt. # 512 at 6.)

The Court will not address the remainder of Defendant's Objections, as it does not put forth specific objections to findings of the Report but rather repeats or asserts new claims and arguments. See Cupid v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994). Lastly, to the extent Defendant objects to the involvement of the undersigned in these matters, the Court will address the question of recusal and reassignment in the following section.

II.    Hearing Denial Objections

Defendant first objects the Judge Chestney lacked jurisdiction to deny the evidentiary hearing request because both Rule 60(d)(3) and Rule 65 motions are dispositive, and thus the evidentiary hearing requests on the matter are also dispositive. (Dkt. # 523 at 1.) Defendant cites 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1) in support. (Id.) However, these rules allow a magistrate judge to hold hearings, propose findings of fact, and recommend disposition of certain

12

dispositive motions.  <u>Ford v. Estelle</u>, 740 F.2d 374, 377 (5th Cir. 1984).  The

district court must then review and adopt such recommendations after opportunity

for objections, as the Court now does.  (<u>Id.</u>)  It does not follow that the magistrate

*must* conduct a hearing on the matters before it simply because it has the authority

and discretion to do so.  Defendant similarly objects that "[a]n evidentiary hearing

is required unless the record conclusively shows the movant is not entitled to

relief" on fraud-on-the-court allegations.  (<u>Id.</u> at 1–2.)  However, Defendant

provides no legal citation to support this contention, and in fact, Defendant has

"the burden to establish that there was fraud on the court by clear and convincing

evidence."  <u>Haskett v. W. Land Servs., Inc.</u>, 761 F. App'x 293, 297 (5th Cir. 2019).

Therefore, these objections are overruled.

 Lastly, Defendant moves for reassignment pursuant to 28 U.S.C.

§ 455(a) and § 455(b)(1) because "Judge Ezra's continued participation in matters

that include his own prior procedural decisions creates an appearance of partiality

that undermines confidence in the proceedings."  (<u>Id.</u> at 2.)  Under 28 U.S.C.

§ 455, a judge may be disqualified where the judge's impartiality might reasonably

be questioned or the judge has a personal bias or prejudice concerning a party.  28

U.S.C. § 455(a), (b)(1).  Furthermore, "the alleged bias must be personal, as

distinguished from judicial in nature."  <u>United States v. Scroggins</u>, 481 F.3d 824,

830 (5th Cir. 2007) (internal citations omitted).  The alleged bias or prejudice must

13

stem from an extrajudicial source, resulting in an opinion "on some basis other than what the judge learned from his participation in the case." United States v. MMR Corp., 954 F.2d 1040, 1045–46 (5th Cir. 1992) (quoting United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)).  The determination of whether disqualification is appropriate is within the sound discretion of the judge.  In re Hipp, Inc., 5 F.3d 109, 116 (5th Cir. 1993).

Defendant fails to cite instances or reasons that he believes has or will affect this Court's impartiality.  The two cases to which Defendant cites involve situations in which the factfinder had a pecuniary interest.  (Id.) (citing Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009) (party before the judge contributed $3 million to his election campaign); Tumey v. State of Ohio, 273 U.S. 510, 47 S. Ct. 437, 71 L. Ed. 749 (1927) (mayor who tried defendant received portion of fine collected)).  The undersigned has no such pecuniary or other personal interest in this case.  Defendant's justification for reassignment is more or less disagreement with the past rulings made in the case.  (See Dkts. ## 520 at 1; 523 at 2.)  He alleges no justification or instances of external bias or extrajudicial action that would warrant disqualification.

## CONCLUSION

Based on the foregoing and given her detailed consideration, the

14

Court finds that Judge Chestney's rulings in this matter were not clearly erroneous. Therefore, the Court will overrule Plaintiffs' objections to that Order (Dkt. # 521) and the Report will be adopted.  For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 512), and **DENIES** the following motions: Motion to Set Aside Final Order of Forfeiture Due to Fraud on the Court and Constitutional Violations (Dkt. # 438); Motion to Compel Substantive Response to Defendant's Rule 60(b) Motion to Set Aside Final Order of Forfeiture (Dkt. # 467); Motion to Expedite and to Require Government Response under Rule 8(b) (Dkt. # 470); Motion to Set Hearing on Pending Motions (Dkt. # 472); Rule 60(d)(3) Motion to Set Aside Forfeiture Judgment for Fraud on the Court (Dkt. # 473); Motion to Set Hearing on Defendant's Rule 60(d)(3) Motion to Set Aside Forfeiture Judgment for Fraud on the Court, or in the Alternative, Motion for Immediate Ruling on the Record (Dkt. # 474); Motion for Preliminary Injunction to Pause Enforcement of Forfeiture Judgment or, in the Alternative, Release Funds for Attorney Fees (Dkt. # 475); and Motion to Require Government Response and to Set Evidentiary Hearing on Referred Rule 60(d)(3) Motion (Dkt. # 477).

        **IT IS SO ORDERED**.

        **DATED**: San Antonio, Texas, November 12, 2025.

15

_____

David Alan Ezra
Senior United States District Judge